UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20335-CR-Altonaga

UNITED STATES OF AMERICA

v.

GHEORGHE ADRIAN LUPU,

　　　Defendant.

## GOVERNMENT'S RESPONSE TO MOTION FOR RETURN OF PROPERTY

The United States respectfully responds to defendant Gheorghe Adrian Lupu's Motion for

the Return of Seized Property under [] Federal Rule of Criminal Procedure 41(g) (D.E. 274). The

motion should be denied.

Lupu is a Romanian national. D.E. 186:3. He was a member of a conspiracy that engaged in

ATM skimming. The conspirators placed skimming devices and pinhole cameras on ATMs. The

skimming devices fit over the ATMs' card slots, such that ATM cards inserted into an ATM first

passed through the skimming device. The skimming devices were designed to look like parts of the

ATMs themselves, so that customers would not be aware that a device had been attached to the

ATMs. The skimming devices allowed the ATMs to function properly, but first recorded the data

encoded on the bank customers' ATM cards. The pinhole cameras were designed to record the PINs

that customers typed into the ATM. The cameras were not readily visible to customers. The

conspirators then caused fraudulent ATM cards to be made using the information stored on the

skimming devices, generally by reencoding the magnetic strips on other cards, such as gift cards.

Finally, the conspirators used the fraudulent ATM cards and the PINs stored by the pinhole cameras to withdraw money from customers' accounts. *See* D.E. 105 (factual proffer in support of plea). During the time Lupu was a member of the conspiracy, the conspirators withdrew $51,767 from 63 SunTrust Bank accounts that had been compromised by their skimming. D.E. 145:6-7. In addition, the conspirators compromised 88 additional SunTrust accounts from which they did not withdraw any money as far as the government knows. D.E. 145:6-7.

Agents from the Department of Homeland Security, Homeland Security Investigations and other law enforcement agencies arrested Lupu and his co-defendants on April 30, 2014. *See* D.E. 186:¶¶ 20-21 & p.2.

Lupu was charged by superseding indictment with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), bank fraud, in violation of 18 U.S.C. § 1344, access device fraud, in violation of 18 U.S.C. § 1029(a)(4), and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Crim. D.E. 80. On July 16, 2014, he pleaded guilty to conspiracy to commit bank fraud. D.E. 104. On October 15, 2014, the Court sentenced him to 33 months' incarceration. D.E. 202.

Fed. R. Crim. P. 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Where a defendant moves for return of property after the conclusion of a criminal case, the Court may exercise equitable jurisdiction over the motion. *United States v. Martinez*, 241 F.3d 1329, 1331 (11th Cir. 2001). The Court may order the return of "lawfully seized property [that] is unreasonably retained by the government." *United States v. Zambrano*, 353 F. App'x 227, 228 (11th Cir. 2009) However, "the decision to exercise equitable jurisdiction is highly discretionary and must be

exercised with caution and restraint. Jurisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." *Martinez*, 241 F.3d at 1331 n.2 (internal quotation marks and citation omitted).

In his motion, Lupu seeks the return of his passport, his driver's license, a computer, a cell phone, two credit cards, and $2600, all of which he says were seized when he was arrested. D.E. 274.

All the cash seized at the time of the arrests of Lupu and his conspirators was forfeited as part of Lupu's sentence. D.E. 104 ¶ 11; D.E. 202:6. Therefore, the Court should not order the cash returned to Lupu.

With regard to any other property belonging to Lupu that was seized at the time of his arrest, Homeland Security Investigations will not return property directly to an inmate while he is incarcerated. However, Lupu can obtain his property by designating in writing an individual who is not incarcerated and who will receive the property on Lupu's behalf in the United States. He can designate this individual either in a reply filed with the Court in support of his motion or by writing directly to

> Special Agent Manuel Hernandez
> Department of Homeland Security, Homeland Security Investigations
> 11226 NW 20th Street
> Miami, FL 33172

These procedures are reasonable and are not onerous. Because the government has not behaved unreasonably or created a manifest injustice, the Court should deny Lupu's motion pursuant to *Zambrano* and *Martinez*.

3

Wherefore, Lupu's motion for return of property should be denied.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    s/ Marc Osborne
          Assistant United States Attorney
          Court ID# A5500796
          99 Northeast 4th Street,
          Miami, Florida 33132-2111
          Tel: (305) 961-9198
          Fax: (305) 530-6168
          marc.osborne@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on August 16, 2016, I will electronically file the foregoing with the Clerk

of the Court using CM/ECF and will cause it to be mailed first class on or before than August 17,

2016 to

GHEORGHE ADRIAN LUPU
Register Number: 02309-104
MCRAE CORRECTIONAL INSTITUTION
P.O. DRAWER 55030
MCRAE HELENA, GA 31055

s/ Marc Osborne
Assistant United States Attorney